UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JERMON ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:04CV35-DJS |
| ) | |
| ROBERT HAMPTON and ) | |
| CARL DOERHOFF, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Jermon Alexander, an inmate in the Missouri Department of Corrections (MDOC), filed the instant action alleging a violation of his Eighth Amendment rights under 42 U.S.C. §1983. Plaintiff alleges that as state actors, Dr. Robert Hampton and Dr. Carl Doerhoff were deliberately indifferent to his serious medical needs. Now before the Court are defendants' motions for summary judgment and plaintiff's motions to stay, to compel, and for an extension of time.

In his motion to stay, filed February 28, 2005, plaintiff states that he had not received a copy of defendants' motions for summary judgment. However, in his motion for an extension of time, filed May 4, 2005, plaintiff states that he received copies of the motions for summary judgment on February 17, 2005 and March 3, 2005. Therefore, the motion to stay will be denied as moot. The Court will also deny the motion for an extension of time. According to plaintiff, he was in receipt of both motions for summary judgment by March 3, 2005. Plaintiff has been given previous extensions of time

to respond to the motions and has not timely responded. Neither has plaintiff presented facts sufficient to warrant a further extension of time in which to respond.

On February 28, 2005, plaintiff filed a motion to compel discovery. However, the Case Management Order (CMO) provides that "<u>all</u> discovery in this case must be completed by **January 14, 2005**. Parties shall file motions to compel in a prompt manner and in no event after the discovery deadline." CMO, Doc. #19, p. 2 (emphasis in original). Therefore, the plaintiff's untimely motion to compel will be denied.

<u>Motions for Summary Judgment</u>

The following facts are disputed. From November 7, 2000 until August 19, 2003, plaintiff resided at the Moberly Correctional Center (MCC). While at MCC, plaintiff was repeatedly evaluated and treated for complaints of stomach pain and constipation. On January 8, 2003, plaintiff returned to the medical unit with complaints of constipation, abdominal cramping and dry heaving. Dr. Hampton ordered that plaintiff be admitted to the prison medical Transitional Care Unit (TCU) for further observation. The following day, plaintiff had an abdominal x-ray and a non-defendant radiologist believed that plaintiff had a sigmoid volvulus. A sigmoid volvulus is the twisting of the later part of the colon that extends to the beginning of the rectum and is potentially life-threatening.

After further treatment and evaluation of plaintiff, Dr. Hampton referred plaintiff to Dr. Doerhoff on January 14, 2003 for

surgical treatment. Plaintiff met with Dr. Doerhoff and gave his consent to surgical treatment. Dr. Doerhoff operated on plaintiff later that same day and performed a sigmoid colectomy and an incidental appendectomy. The surgical procedure was successful and Dr. Doerhoff closed the internal incision with sutures and closed the skin with skin staples. The skin staples were later removed by a non-defendant nurse and replaced with steristrips -- small adhesive bandages. On January 19, 2003, plaintiff was returned to the prison TCU.

Plaintiff was continually evaluated during his stay in the TCU. On January 23, 2003, the treating nurse noted that plaintiff was picking and scratching at his wound. Plaintiff refused to have his abdominal wound dressing changed or to have the wound assessed. Dr. Hampton continued to evaluate plaintiff's condition and noted on January 29, 2003 that plaintiff was tolerating a regular diet, was walking well and that the incision was healing well with an open area at the bottom of the incision. Following this visit, plaintiff began to receive daily wound dressing changes.

On February 2, 2003, plaintiff was evaluated for complaints of dizziness and fatigue. The treating nurse noted that plaintiff was picking and scratching at his wound. Plaintiff was given Motrin and antibiotics. Dr. Hampton evaluated plaintiff on February 4, 2003. Dr. Hampton noted that plaintiff's bowel and abdomen appeared normal but that plaintiff had experienced some blood loss and ordered intravenous antibiotics. Dr. Hampton also referred plaintiff to Dr.

3

Doerhoff for further evaluation. Dr. Doerhoff performed an esophagogastrostomy and determined that plaintiff had a bleeding ulcer in his stomach that was causing blood loss. For treatment, Dr. Doerhoff ordered that plaintiff receive a transfusion of 6 units of packed red blood cells.

Plaintiff was next evaluated by Dr. Hampton on February 7, 2003. Plaintiff indicated that he was feeling well and that he desired to leave the TCU. Dr. Hampton discharged plaintiff from the TCU on February 10, 2003 after examination. On February 17, 2003, Dr. Hampton performed a follow-up examination on plaintiff and noted that plaintiff was feeling well and that plaintiff's wound was almost completely healed. Dr. Doerhoff performed a follow-up examination on plaintiff on February 19, 2003. Dr. Doerhoff noted that plaintiff's incision had completely sealed and that plaintiff was feeling well and had a good appetite. This was plaintiff's final contact with Dr. Doerhoff. Dr. Hampton's final examination of plaintiff occurred on March 17, 2003 and Dr. Hampton noted that plaintiff's abdominal wound had healed.

After exhausting his administrative remedies, plaintiff brought this action alleging that Dr. Hampton and Dr. Doerhoff had provided inadequate medical care. To prevail on his § 1983 claim, plaintiff "must show that defendants were deliberately indifferent to his serious medical needs." Camberos v. Branstad, 73 F.3d 174, 175-76 (8th Cir. 1995). "Such a showing is necessary to establish the 'unnecessary and wanton infliction of pain proscribed by the Eighth

Amendment.'"  Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  Id. at 176 (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).  For the purposes of this order, the Court will assume without deciding that plaintiff had a serious medical need.  As such, to survive defendants' motions for summary judgment plaintiff must show that defendants acted with deliberate indifference.  This requires plaintiff to present some facts that defendants "actually knew of but deliberately disregarded [plaintiff's serious medical] needs."  Dulany v. Carhahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Plaintiff has alleged that Dr. Hampton informed plaintiff that the proper surgery had not been performed by Dr. Doerhoff, necessitating further surgery.  Plaintiff also alleges that the bleeding ulcer was the result the surgery performed by Dr. Doerhoff.  However, plaintiff has not produced any evidence in support of these allegations and the record before the Court does not support such allegations.  After careful review of the pleadings, exhibits, and documents filed in this case, the Court finds that there is no genuine issue of material fact from which a trier of fact could conclude that defendants were deliberately indifferent to plaintiff's serious medical needs.  Plaintiff was repeatedly examined regarding his complaints of stomach pain and constipation as well as his later

complaints of fatigue and dizziness. In each case, the treating physician, whether Dr. Hampton or Dr. Doerhoff, responded reasonably to plaintiff's condition. The surgical procedure preformed by Dr. Doerhoff successfully treated a potentially life-threatening condition and plaintiff received adequate follow-up treatment. Dr. Hampton and Dr. Doerhoff later provided successful treatment for plaintiff's bleeding ulcer.

The fact that plaintiff disagrees with the medical care provided does not establish a constitutional violation. See Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981). Both Dr. Hampton and Dr. Doerhoff have submitted affidavits from Dr. Elizabeth Conley. Dr. Conley states that in her professional medical opinion both Dr. Hampton and Dr. Doerhoff provided adequate medical treatment to plaintiff and that both physicians' actions fell within the standard of care. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997). Here, there is no genuine issue of material fact from which a trier of fact could conclude that defendants were deliberately indifferent to plaintiff's serious medical needs and therefore the defendants' motions for summary judgment will be granted. As the Court grants defendants' motions for summary judgment on the merits, the Court need not reach the additional issues raised in defendants' motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to stay [Doc. #45] is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [Doc. #47] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for 90-day extension [Doc. #51] is denied.

**IT IS FURTHER ORDERED** that defendant Dr. Robert Hampton's motion for summary judgment [Doc. #18] is granted.

**IT IS FURTHER ORDERED** that defendant Dr. Carl Doerhoff's motion for summary judgment [Doc. #44] is granted.

Dated this   18th   day of May, 2005.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE